UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Bryan LaFayette, : | |
| Petitioner, : | |
| : | |
| v. : | File No. 1:07-CV-2 |
| : | |
| Robert Hofmann, : | |
| Commissioner, Vermont : | |
| Department of Corrections, : | |
| Respondent. : | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1 and 5)

Petitioner Bryan LaFayette, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. LaFayette, who is serving a sentence of 25 years to life after convictions for arson and second degree murder, brought a state court challenge to the computation of his sentence. After an unsuccessful appeal to the Vermont Supreme Court, his motion for re-argument was denied as untimely. LaFayette now contends that the ruling on the motion for re-argument violated his due process rights.

The respondent has moved to dismiss on the merits of the sentence calculation claim. For the reasons set forth below, I find that LaFayette's argument does not present a federal due process issue, and that the Court therefore has no jurisdiction to hear his petition.

Accordingly, I recommend that the petition be DENIED without prejudice.

## Factual Background

LaFayette is a Vermont inmate serving concurrent sentences on separate convictions for arson and second-degree murder. On November 11, 1993, he was given a suspended sentence of five to ten years and placed on probation for an arson committed in 1992. In 1999, while on probation, he committed second degree murder and in 2000 was sentenced to 25 years to life in prison. The sentencing court revoked his probation, and ordered that the remainder of his 1993 sentence be served concurrently. In re Lafayette, 2006 VT 73, ¶ 2 (2006).

LaFayette contends that the Vermont Department of Corrections ("DOC") has not computed his sentence correctly. The issue revolves around changes to sentence calculations instituted in Vermont in 1994. Those changes affected to the application of automatic reduction in term (ART) and earned reduction in term (ERT) good-time credits. LaFayette argues that because his first crime was committed prior to 1994, the pre-1994 rules should apply.

LaFayette presented this argument, through counsel, to the Addison County Superior Court and on appeal to the Vermont Supreme Court.  Both courts ruled in favor of the State.  After his direct appeal was denied, he moved the Vermont Supreme Court for re-argument.  His motion, submitted *pro se*, argued that the DOC's alleged errors violated the Ex Post Facto Clause of the United States Constitution.  The motion for re-argument was not timely filed, and was therefore denied.

LaFayette now contends that his delay was due to inefficiencies in the prison mail system, and that the Vermont Supreme Court should have allowed his motion under the "prisoner mailbox rule."  As he argues in his reply memorandum, "the Vermont Supreme Court's refusal to recognize the well-established inmate 'mailbox rule' with respect to Petitioner's pro se motion for re-argument, filed in the Vermont Supreme Court, was an unconstitutional denial of Petitioner's Constitutional Due Process Rights."  (Paper 7 at 1).  LaFayette concedes that his Ex Post Facto Clause argument has not been exhausted in state court, and that his § 2254 petition pertains only to the denial of his motion for re-

3

argument.  Id. at 2.[1]

## Discussion

The scope of federal habeas review of state decision is a narrow one.  See 28 U.S.C. § 2254(d).  Under the § 2254 standard, the reviewing court may grant habeas relief only where the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Habeas relief is also warranted if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings," or where the petitioner presents clear and convincing evidence to rebut the presumption that state court findings of fact are correct.  See 28 U.S.C. § 2254(d)(2); § 2254(e)(1).

In this case, the facts are not in question.

---

[1]  The respondent's motion to dismiss focuses on LaFayette's substantive arguments on the sentence computation and Ex Post Facto Clause issues.  In reply to the respondent's motion, LaFayette explains that he filed his § 2254 petition "in light of the Vermont Supreme Court's denial to honor acceptance of Petitioner's Motion For Re-Argument, not to, at this time, argue the specific constitutional infirmities pertaining to these issues Petitioner raised in his Motion for Re-Argument, that must be first exhausted to the highest court, the Vermont Supreme Court."  (Paper 7 at 2).

4

LaFayette's motion for re-argument was denied by the Vermont Supreme Court, and he is challenging the constitutionality of that decision.  However, the Vermont Supreme Court's denial of the motion for re-argument did not violate any clearly established federal law applicable to the states.  As discussed below, the "prisoner mailbox rule" is not a rule of constitutional dimension, and while it is commonly employed by the federal courts, it is a procedural rule that does not necessarily apply in state court.  Because Vermont has established its own rules and practices with regard to prisoner filings, there is no federal issue to review, and this Court lacks jurisdiction under § 2254.

The federal "prisoner mailbox rule" is a federal procedural rule first set forth in Houston v. Lack, 487 U.S. 266 (1988).  In Houston, the Supreme Court held that a notice of appeal was timely when a *pro se* prisoner delivered his papers to prison authorities for mailing to the federal court.  487 U.S. at 270.  The "prisoner mailbox rule" has since been extended to other contexts, including the filing of habeas corpus petitions.  See, e.g., Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001).

Courts have held that the Houston decision construed federal statutes and rules, and was not announcing a new rule of constitutional import.  See, e.g., Jenkins v. Burtzloff, 69 F.3d 460, 461 (10th Cir. 1995) ("the rationale of Houston was not constitutional or equitable in nature; rather, it was based on an interpretation of the word 'filed' in the rule and statute governing the timeliness of notices of appeal."); Nigro v. Sullivan, 40 F.3d 990, 995 n.1 (9th Cir. 1994) (Houston contains no "explicit reference" to due process).  Consequently, state courts in this Circuit have declined to adopt the "prisoner mailbox rule."  See, e.g., Hastings v. Commissioner, 82 Conn. App. 600, 604, 847 A.2d 1009, 1012 (Conn. 2004); Grant v. Senkowski, 95 N.Y.2d 605, 721 N.Y.S.2d 597, 599, 744 N.E.2d 132 (N.Y. 2001).

LaFayette submits that Vermont, like New York and Connecticut, does not "honor" the "prisoner mailbox rule."  Because the Vermont Supreme Court applied its state rules, and did not employ a rule required by federal statute or the Constitution, this Court cannot review its decision with respect to the timeliness of the motion for re-argument.  28 U.S.C. § 2254(d)(1).

Accordingly, the Court has no subject matter jurisdiction over LaFayette's § 2254 claim. Given LaFayette's concession that his constitutional claim has not yet been exhausted, I recommend that his petition be DISMISSED without prejudice.[2]

## Conclusion

For the reasons set forth above, I recommend that LaFayette's petition (Paper 1) be DISMISSED without prejudice for lack of jurisdiction, and that the respondent's motion to dismiss (Paper 5) be DENIED as moot.

Dated at Burlington, in the District of Vermont, this 20th day of December, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically

---

[2] Although the respondent has not argued lack of jurisdiction, the question of whether a federal court has subject matter jurisdiction is a question that "may be raised at any time . . . by the court *sue sponte*." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000).

7

identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).